1806.

*Saturday,*
March 15th.

MANNHARDT *against* SODERSTROM.

A state court has no jurisdiction of a suit against a consul; and whenever this defect of jurisdiction is suggested, the court will quash the proceedings. It is no tnecessary that it should be by plea before general imparlance.

A CAPIAS returnable to *September* term 1805 was issued against the defendant, by which he was arrested and held to bail. A declaration was filed *de bene esse* on the 8th *November;* and the bail bond was sued to *December* term, and judgment obtained. Special bail was entered on the 14th *February* 1806, and on the 20th of the same month the defendant's attorney filed the following suggestion and plea.

" Defendant suggests that he was at and before the time of " instituting the above action, and since that time has continued " to be and still is Consul General of his majesty the king of " *Sweden*, in the *United States*, duly admitted and approved as " such by the President of the *United States*. That being such, " he ought not according to the constitution and law of the " *United States* to have been impleaded in the said Supreme " Court, but in the District Court of the *United States* in and " for the district of *Pennsylvania*, or in some other District " Court of the said *United States*. And under protestation that " this court has not jurisdiction, and of right ought not to take " to itself the cognisance of this case, he pleads *non assumpsit* " and payment, with leave &c." On the 3d *March* 1806 a rule was obtained by the defendant to shew cause why the proceedings should not be quashed; and upon the return of the rule it was proved that he had in various instances submitted to suits and executions from this court.

*Frazer* and *Ingersoll* then proceeded to shew cause. They argued that the application of the defendant was defective in form, and out of time; and that he should have pleaded regularly and in proper time to the jurisdiction of the court. There is a wide difference between courts of a general jurisdiction, and courts of a limited jurisdiction. If the latter discover at any stage of the proceedings that they have no jurisdiction, they are under the necessity of arresting the suit; this is particularly the case with the federal courts. But if the former have a jurisdiction of the cause of action, the want of jurisdiction arising from a personal privilege of the defendant can never be averred, but by a regular plea. The rules which regulate the order of pleading can have

no operation unless this distinction be sound; and they settle the law that if the defendant pleads to the action he admits the jurisdiction, and that if he does not in proper person and before general imparlance plead to the jurisdiction, his time is gone. 1 *Tidd* 584. This privilege of being sued in the District Court, if it exists, is personal to the consul; he may waive it or claim it, as he pleases; and if his submission to the process and execution of this court in other cases is not such a waiver as prevents him from setting it up afterwards, it shews at least that it rests with him to use it, and should therefore be subject to all those rules which control the exercise of personal privileges. The jurisdiction of a court with powers so general, and manifestly competent to the cause of action, is not to be ousted by suggestion.

But the authority of the District Court in this case is not exclusive. " The judicial power shall *extend* to all cases in law " and equity arising under this constitution, the laws of the " *United States*, and treaties made or to be made under their " authority; to all cases affecting ambassadors, other public min- " isters, and *Consuls* &c." *Const. U. S. Art.* 3. *sec.* 2. Do these words exclude the authority of the state courts? If they do not, it follows that this court has a concurrent jurisdiction of the cause, because it possessed it at the adoption of the constitution. Now a delegation of exclusive authority to the union can be produced only in one of three ways; 1st, by express words; 2d, by a prohibition of the like authority to the states; 3d, by an incompatibility between the authority granted to the union, and a reservation of it to the states. Here are no express terms, no prohibition, not the least incompatibility. The words are satisfied by a concurrent authority. It follows that the jurisdiction of the state courts remains. But congress have proceeded to legislate under this article. It is their warrant. They may go to a less extent than it authorizes, but certainly no further; and their law is of course to be tested by it, and to stand or fall as the authority has or has not been closely pursued. In the 9th section of the act to establish the judicial courts of the *United States*, Congress enact that " the District Courts shall have ju- " risdiction exclusively of the courts of the several states, of all " suits *against* consuls or vice consuls, *except for offences above* " *the description aforesaid;*" 1 *U. S. Laws* 54.; that is, except where a punishment exceeding thirty stripes, a fine exceeding

1806.

MANN-
HARDT
*v.*
SODER-
STROM.

one hundred dollars, or a term of imprisonment exceeding six months, is to be inflicted. The subjects of judicial cognisance in this section are causes of admiralty and maritime jurisdiction, torts, and crimes; and there are no words to embrace causes which arise upon contracts. The reasonable construction therefore is, that exclusive jurisdiction is given of suits against consuls for *offences* only; and this is fortified by the deviation from the usual language of the act, in speaking of suits *against* consuls, and not of suits to which a consul is *a party;* and by the exception, which as it relates to criminal matters alone, was probably used to qualify the grant of criminal jurisdiction. The Supreme Court of the *United States* moreover has original jurisdiction of civil controversies which affect consuls, and the Circuit Courts have cognisance concurrent with the state courts of all civil suits where an alien is a party. It is in these parts of the law that we see a forum erected for civil suits in which consuls are concerned, and they furnish an additional proof that the 9th section relates in this particular only to offences. A consul is not entitled to the privileges of a public minister, and there can be no national policy in giving him at all times the election of a federal court. We must presume the intention of Congress to have been constitutional, and construe their laws accordingly; but if they have manifestly excluded the state courts, they have exceeded their constitutional power, and so far as concerns the state courts, their law is void.

*Duponceau* and *Levy* in support of the rule, agreed the law that where a court has general jurisdiction, and a defendant has privilege to be sued in another court, he must make his application in proper time and form; but this was not the personal privilege of the consul. It was the interest of the *United States* and a part of their policy, that ambassadors, public ministers, and consuls, should be subject to the judicial power of the *United States* alone; and the station assigned in the constitution to consuls, who are placed by the side of persons privileged by the law of nations, is a proof of the consideration in which that character is held: indeed under the former treaty with *France* the consuls of that government exercised in certain cases a judicial power. This is a case then in which the defendant does not claim privilege personal to himself; it is the privilege of his nation and of the *United States;* and if the fact of his official character appears on

the record, not even his consent can give this court jurisdiction. In the cases between this defendant and other plaintiffs, the fact did not appear; and this is a sufficient answer to them.

1806.

MANN-
HARDT
v.
SODER-
STROM.

The true construction of the 9th section of the judiciary act is that the District Court has jurisdiction in *all civil* suits against consuls, exclusively of the state courts; and the like exclusive jurisdiction of suits for offences of a certain grade. Of the higher offences the Circuit Courts have jurisdiction exclusive of the state courts, and concurrent with the Supreme Court of the *United States*; *United States* v. *Ravara;* (*a*) of the civil contro-versies these courts have a jurisdiction concurrent with the District Court; so that the state courts alone are excluded; and this reconciles all difficulties. That Congress intended to give the District Courts exclusive jurisdiction, is therefore evident; and the remaining question is whether they had a right so to do. Now the delegation of this exclusive authority by Congress has been acquiesced in fifteen years, and never judicially ques-tioned. It flows from the language of the constitution; for if the judicial power *extends* to the case of a consul, the *United States* have a right to indicate all the qualifications under which it shall extend. The power to establish an uniform rule of natu-ralization has always been deemed exclusive. But there is an-other source of exclusive jurisdiction in the federal courts, in addition to those mentioned by the plaintiff's counsel; that is, where the cases upon which the jurisdiction attaches, *grow out* of the constitution. 2 *Federalist* 245. In such cases there was no preexisting authority in the states, for the cases did not exist; and of course that amendment which reserves to the states or the people the powers not granted by the constitution, has no application to them. Over these there can be no doubt that Congress may delegate exclusive authority to their courts; and such are the cases of ambassadors, public ministers, and consuls.

The federal courts having this exclusive jurisdiction, it is never too late to claim the benefit of the fact before the state court. If it appears in evidence on the trial of the general issue, the court will take notice of it. 2 *Woodeson* 273. *Snell* v. *Faussatt* (*b*), *Le Caux* v. *Eden* (*c*).

(*a*) 2 *Dall.* 297.        (*b*) *Ct. Ct. U. S.*        (*c*) *Doug.* 572.

TILGHMAN C. J. now delivered the opinion of the court.

This is an action on the case on a bill of exchange drawn by the defendant, who appeared and pleaded the general issue; at the same time entering a protest against the court's jurisdiction, verified by his oath, in which he averred that at the time of issuing the writ in this cause he was, and still is consul general of his majesty the king of *Sweden*, in the *United States* of *America*. The defendant's counsel have now brought the point of jurisdiction before the court, by a motion to quash the writ; and it is confessed by the counsel for the plaintiff that the defendant's allegation, that he is consul general of the king of *Sweden*, is true.

Before I proceed to deliver the opinion of the court on the main question, it will be necessary to take notice of one or two objections of the plaintiff's counsel which relate to other points.

They have placed some reliance on the circumstance of the defendant's having submitted to suits, judgments, and executions, in many instances; which they have proved by the records of this court, and the Common Pleas. In answer to this objection, it need only be observed, that in those cases it did not appear on the record that the defendant was a consul, and therefore the court could take no notice of it.

They have also urged that the defendant is too late in excepting to the court's jurisdiction after pleading the general issue; and cases have been cited on this head from the *English* books of practice. In answer to this objection it is sufficient to say, that by the established practice both in the courts of this state and of the *United States*, the court will put a stop to the proceedings in any stage on its being shewn that they have no jurisdiction. In the cases of *Duncanson* v. *Maclure* in this court, and of *Snell* v. *Faussatt* in the Circuit Court of the *United States* before Judge *Washington*, a defect of jurisdiction appearing, in the opinion of the defendant's counsel, on the evidence given on the trial of the general issue, the point of jurisdiction was urged, and neither the counsel for the plaintiff, nor the court, suggested that there was any impropriety in going into the argument.

These previous points being disposed of, I will consider the merits of the defendant's motion, which will depend upon the constitution of the *United States*, and the "Act to establish the

"judicial courts of the *United States*," passed 24th *September* 1789, and commonly called the judiciary act. By the 2d section of the 3d article of the constitution, it is declared that "the "judicial power shall extend to all cases in law and equity aris- "ing under this constitution, the laws of the *United States*, and "treaties made or which shall be made under their authority; "to all cases affecting ambassadors, other public ministers, and "consuls, to all cases of admiralty and maritime jurisdiction, "to controversies to which the *United States* shall be party, to "controversies between two or more states, between a state and "citizens of another state, between citizens of different states, "between citizens of the same state claiming lands under grants "of different states, and between a state or the citizens thereof "and foreign states, citizens or subjects."

"In all cases affecting ambassadors, other public ministers, "and *consuls*, and those in which a state shall be party, the Su- "preme Court shall have original jurisdiction; in all the other "cases before mentioned, the Supreme Court shall have appel- "late jurisdiction both as to law and fact, with such exceptions "and under such regulations as the Congress shall make."

It is now sixteen years since the courts of the *United States* have been organized, and during that time the construction of the article relating to the judicial power, has been frequently considered. Many principles have been established, by which we are bound. In conformity to those principles we are to un- derstand, that by the expressions "the judicial power shall ex- "*tend*" to the cases enumerated in the section above mentioned, Congress became invested with the right of assuming the exclu- sive jurisdiction for their courts; but in those of the said enu - merated cases, where the state courts had jurisdiction prior to the adoption of the constitution, and where the acts of Congress have not vested an exclusive jurisdiction in their own courts, the courts of the several states retain a concurrent jurisdiction. Thus in cases of "admiralty and maritime jurisdiction," the courts of the *United States* have always exercised an *exclusive* jurisdiction, and in disputes between "citizens of different "states" they have exercised a jurisdiction concurrently with the state courts. And yet in both cases the judicial power of the courts of the *United States* is founded on the same expression in the constitution, that is to say, that the judicial power of the

*United States shall extend &c.* to those two cases among others that are enumerated in the same paragraph.

It being then established that Congress had a right to assume an exclusive jurisdiction " in all cases affecting consuls," let us see what provision they have made upon that subject by their laws.

The 9th section of the judiciary act ascertains the jurisdiction of the District Courts of the *United States*. (a)

In the first parts of this section, jurisdiction is given to the District Courts in various matters both of a criminal and a civil nature, in some of which their jurisdiction is exclusive of the state courts, and in others concurrent with them. Towards the latter part of the section the District Courts are vested with jurisdiction " exclusively of the courts of the several states, of " all suits against consuls or vice consuls except for offences " above the description aforesaid." The word *suits* includes those both of a civil and criminal nature; and the exception of " offences above the description aforesaid" refers to a description in the first part of this section, viz. offences where no other punishment than whipping not exceeding thirty stripes, a fine not exceeding 100 dollars, or a term of imprisonment not exceeding six months, is to be inflicted.

It is to be remarked that the jurisdiction of the District Courts in suits against consuls or vice consuls *is exclusive of the state courts*, but not exclusive of the courts of the *United States*; because the second section of the third article of the constitution had provided that " in all cases affecting ambassa- " dors, other public ministers, and consuls, the Supreme Court " shall have original jurisdiction." Accordingly it is enacted by the thirteenth section of the judiciary act, that the Supreme Court of the *United States* shall have " original but not exclu- " sive jurisdiction of all suits in which a consul or vice consul " shall be a party."

Then the ninth and thirteenth sections of the judiciary act are consistent with each other and with the constitution; and in suits *against* consuls and vice consuls the jurisdiction of the state courts is excluded. Nor are we to wonder at this provision. One considerable object of our federal constitution was to vest in the *United States* the administration of those affairs

(a) 1 *U. S. Laws* 53, 54.

1806.

MANN-
HARDT
v.
SODER-
STROM.

by which we are related to foreign nations. Consuls, although not entitled to the privilege of ministers, often exercise very important functions; and it is remarkable that in the constitution they are mentioned in conjunction with " ambassadors and " other public ministers;" and like them they enjoy the important privilege of commencing suits in the Supreme Court of the *United States.* It was wise therefore to protect them from suits in the state courts, although they are left at liberty to bring actions against other persons in those courts, if they find it convenient and choose to do so.

Upon the whole the court are of opinion, that, it appearing on the record that this suit is against the consul general of the king of *Sweden,* their jurisdiction is taken away by the ninth section of the judiciary act, and consequently the proceedings against the defendant must be quashed.

*Proceedings quashed.*

1806.