O’Neall, J.,
dissenting. In this case I adhere to my circuit decision, and I deeply regret that my brethren have thought themselves justified in holding that the State may be made amenable to our jurisdiction by suing her officers, and agents. The latter acting without pay, are, indeed, in a condition very much to be pitied, if, on every contract made about the public business, they are liable to be sued. Has the Court any jurisdiction of such a case ? I utterly deny it.
Blackstone in his 3d vol. 255, tells us that no action lies against the King, and of consequence against the State, with us. Hogs the same rule hold as to officers representing the State, and acting for it? In Macbeath vs. Haldemand, 1 T. R. 172, the Governor of Quebec was sued for work and labor, &c.; it appeared that the plaintiff’s claim rested upon stores furnished for the public ; it was contended there as here, that he might be charged by virtue of his directions, partial payments, &c.; the Court held that he was not liable to be sued. What is that but saying the Court has no jurisdiction to-charge the public through its officers ?
In the Treasurers vs. N. G. Cleary, 3 Rich. 372, the defendant relied on a debt due by the State as' a discount, but which the legislature had directed to be discounted from a debt due by the defendant to the Rank of the State. Without entering into the propriety of this direction, the Court by Johnson, J., declared that, “a suit will not lie against the State by an individual,” and hence the discount, which was considered in the nature of an action against the Treasurers, was rejected. Let us examine now and see in what point of view the defendants are presented in this action, and then inquire,' if they are sued as public agents, how and in what way the Court shall discharge its duty to them ? They are sued as Chairman and Commissioners of the New State Capitol. Is this a public capacity ? How can it be denied ? Was the work for which compensation is claimed done for the State ? It is only necessary to read the resolutions set out in the report to understand *490 that it was. This public character in which the defendants are charged is continued through the declaration. How can the plaintiff deny the character which he has given to the defendants ? They say it is true, and when parties are agreed in their statements, I have never known the Court to deny what is thus admitted. Yet the plaintiff here modestly asks that, and as I understand the Court, they concede to him, he may charge the defendants, notwithstanding the public character he has assigned to them, as individuals. But it is not only the character which he has assigned to them that makes it imperative, it seems to me, that the defendants should be regarded as public agents, but that they have contracted according to the plaintiff’s declaration about a public work, as public agents., Such is the bill of particulars, “ The Commissioners of the. New State Capitol to P. H. Hammarskold.” The items charged all relate to a public work and all rest upon a public engagement, “ such as salaries.” But it is said the bill of particulars is no part of the declaration. That is true as to the count, and yet the want of it is- cause of demurrer. So, too, the proof must conform to it. Suppose this bill of particulars •proved as set down, the plaintiff never can recover a cent against the defendants. For it will be charges against them for services rendered to the State, and I hardly think any-Court exists or will exist, which will give judgment upon them. Suppose, however, the recovery could be had, is the judgment to be against them as individuals ? Hardly. The plaintiff must stick to the character in which he has sued them. It must be against them as Commissioners of the New State Capitol. Such a-body does not now exist. How is such a judgment to been forced ? But really it is to my mind, monstrous to talk about proceeding in such a case. We have no more jurisdiction of it, than we would have of a case against a consul of a foreign government. But it is said a motion to quash the proceedings is unheard of. In Manhardt vs. Suderstrom, 1 Binn. 138, the defendant, a consul, was sued, arrested, held *491 to bail, a declaration was filed de bene esse, the bail bond was sued, and judgment obtained, then special bail was enterd, and the defendant suggested he was the consul of Sweden, claimed his privilege of exemption from suit, and under protestation pleaded the genera] issue. Is not all this equal to appearance and interlocutory judgment here ? So it seems to me. Yet in that case a motion to quash the proceedings was entertained and granted. This, it seems to me, is enough for my purpose. I have shown a precedent for just such a course as I pursued, and I think it is plain, that we have no_ more jurisdiction of a suit against the State’s agent than the Court of Pennsylvania had of the Swedish consul. This case, however, is to be a dangerous precedent. For we shall be called on, on its authority, to charge the Governor, the Treasurers, and more particularly the gentlemen now in charge of the New State Capitol, on every undertaking about the public business.' The Court will surely have enough to do, in maintaining such an assumption.

Motion granted.