## SPROUL v. FEDERAL RADIO COMMISSION.
### No. 5349.

Court of Appeals of the District of Columbia.
Argued Oct. 5, 1931.
Decided Nov. 16, 1931.

Nathan B. Williams and W. D. Jamieson, both of Washington, D. C., for appellant.

Thad H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDELL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

In October, 1928, appellant was licensed by the Radio Commission as owner and operator of radio broadcasting station WMBJ, located at Pittsburgh, Pa. In June, 1930, appellant applied for a renewal license, but the commission upon examination of the application did not reach the decision that public interest, convenience, or necessity would be served by the granting thereof. The commission notified appellant of this decision, and fixed a time and place for a hearing thereon.

It is provided by section 11 of the Radio Act of 1927, 44 Stat. 1162 (47 USCA § 91), that in case of such a hearing the commission "shall afford such applicant an opportunity to be heard under such rules and regulations as it may prescribe."

By sections 3 and 4 of the same act (47 USCA §§ 83, 84), the commission is given general authority to hold hearings, summon witnesses, and administer oaths; and also to appoint such special counsel, experts, examiners, and other employees as it may from time to time find necessary for the proper performance of its duties.

By the commission's General Order No. 93, it is provided that in the case of any hearing the testimony may be taken before a quorum of the commission, or before less than a quorum, or before any examiner appointed by the commission, in the discretion of the commission; and that in event the testimony is taken before less than a quorum or before an examiner, the testimony, duly transcribed, shall be reported back to the commission by the person or persons conducting such hearing, together with a written report containing recommendations as to the decision to be made thereon and the facts and grounds upon which such recommenda-

tion is based. The party affected may file written exceptions to such report, and if he desires oral argument thereon before the commission he shall accompany the exceptions with a written request for such argument. Upon receipt of such a request the commission may in its discretion fix a time for such oral argument, or it may consider and decide such matter without argument.

Appellant's renewal application was heard upon testimony taken by an examiner appointed by the commission, and the testimony was duly reported to the commission by the examiner, together with a recommendation that the application be denied. Appellant filed extended objections and exceptions to the report, toegther with a request for oral argument. The commission, however, considered and decided the case upon the record, including the testimony and exceptions without hearing oral argument, and denied the application for a renewal license. This appeal was then taken under section 16, Radio Act of 1927, as amended (47 USCA § 96). Appellant contends that the hearing as granted him by the commission was not a lawful hearing; that the commission could not lawfully authorize an examiner to conduct such a hearing; that the examiner in this instance was without authority to administer an oath to the witnesses and accordingly there was no lawful evidence before the commission; that it was contrary to law for the commission to deny appellant's counsel the right of oral argument; that the action of the commission was a denial of due process of law; and that its decision was arbitrary and capricious and should be reversed.

We do not agree with this conclusion upon the present record. It is disclosed therein that the appellant appeared with his counsel at the hearing before the examiner, and without objection participated therein. He voluntarily testified as a witness in his own behalf, and his testimony shows beyond any doubt that he was not entitled to a renewal of his broadcasting license.

It appears from his testimony that since 1929 appellant has been hopelessly insolvent, with no credit standing, and has been harassed by his creditors, some of them with judgments against him; that his insolvency resulted in the loss of the transmitter used by him in the operation of his station in April, 1930; that notwithstanding the provisions of section 21 of the Radio Act (47 USCA § 101), requiring a permit from the commission as a condition precedent to the con-

struction of apparatus for the transmission of radio broadcasting, he proceeded to lease and install new apparatus without the approval of the commission; that in September, 1930, the operation of this transmitter was finally discontinued at the instance of a radio inspector of the Department of Commerce, and that it was afterwards repossessed by the lessor for noncompliance with the lease agreement; that at the date of the hearing appellant was still hopelessly insolvent, having judgments outstanding against him in the sum of about $50,000, with assets of only $500, possessing no broadcasting equipment, and with no ability to assure the commission that another transmitter, if constructed by him, would not in turn be seized by his creditors with resulting discontinuance of the service to the public.

These facts are entitled to the same consideration, appearing as they do from appellant's own testimony, as if they had been incorporated in appellant's application for a renewal license. If they had been made part of the application, the commission would have been justified in refusing it thereupon, for they conclusively show that appellant was not then prepared, in case of a renewal, to serve the public interest, convenience, or necessity, by broadcasting. See Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355. It was not an abuse of discretion in this case for the commission, acting under its General Order No. 93, to consider and pass upon the application without hearing oral argument thereon.

Therefore, notwithstanding the various exceptions taken by counsel below, it is manifest that appellant was not entitled to a renewal license, and it would be idle for this court to reverse the ruling to that effect.

The decision appealed from is affirmed.