914

## BEEBE v. FEDERAL RADIO COMMISSION.
### No. 5555.

Court of Appeals of the District of Columbia.

Argued Oct. 3, 1932.

Decided Oct. 31, 1932.

L. J. Beebe, of Newport, R. I., and John M. Littlepage, of Washington, D. C., for appellant.

Thad H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order of the Federal Radio Commission refusing to renew the license of a broadcasting station.

Appellant, Le Roy Joseph Beebe, is the owner and operator of radio broadcasting station WMBA at Newport, R. I., formerly licensed for the use of 1,500 kilocycles with a power output of 100 watts and unlimited hours of operation. Appellant first obtained a license for this station in the year 1926, which was renewed from time to time until December 29, 1930, when he filed the application for a renewal which is now in question.

Upon examination of the application the commission was unable to determine that the granting thereof would serve public interest, convenience, or necessity and accordingly designated the application for hearing pursuant to section 11 of the Radio Act of 1927 (44 Stat. 1167) as amended (47 USCA § 91). Due notice was given appellant of the hearing and of the charges upon which the application was to be heard, to wit: (1) Poor and inadequate equipment; (2) operation of the station by an unlicensed operator; (3) a frequency deviation of 6,100 cycles on February 9, 1931; and (4) programs not in the public interest.

A hearing was regularly had by an examiner appointed by the commission, and upon consideration of the evidence then taken the examiner reported recommending a denial of the application.

Thereafter a hearing was had by the commission upon the report of the examiner and the testimony filed therewith, and on October 30, 1931, the commission filed its decision denying appellant's application.

The commission reported the following findings, to wit: That in the operation of the station appellant had frequently violated the terms of the license and the regulations of the commission; that the transmitting equipment employed by the station did not conform to, and could not be operated according to, the regulations of the commission or to modern engineering standards; that the financial responsibility of the appellant was such as failed to assure of the installation

of proper and modern transmitting equipment; that with respect both to the authorized hours of operation and power output the appellant in the operation of the station had made insufficient use of the assignment granted to him; that on several occasions the applicant had intentionally misstated facts concerning the equipment and operation of the station to officials when making a regular inspection of the station; that the service area of the station is supplied with abundant broadcasting service from other existing stations; and accordingly that public interest, convenience, or necessity would not be served by the granting of appellant's application. It was therefore ordered that the application should be and the same was denied.

The present appeal was taken from this finding and order of the commission. Under section 16 of the Radio Act of 1927, as amended July 1, 1930 (46 Stat. 844 [47 USCA § 96]) it is provided that the review by this court in such an appeal shall be limited to questions of law and that findings of fact by the commission if supported by substantial evidence shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious. The rule is laid down by our prior decisions that upon an application for renewal of a license, the burden is upon the applicant to establish that such renewal would be in the public interest, convenience, or necessity and that the court will sustain the findings of the commission unless manifestly against the evidence. Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355; Ansley v. Federal Radio Commission, 60 App. D. C. 19, 46 F.(2d) 600.

The record contains the oral testimony of the appellant and of J. H. Barron, a radio engineer of the broadcast section of the Federal Radio Commision, also various exhibits including official reports concerning the equipment and conduct of the station made by Charles C. Kolster, United States Supervisor of Radio, which are duly verified, and also letters from the Piezoelectric Laboratories concerning certain incorrect representations made by appellant to Kolster concerning the operation of the station. The witness Barron testified to his opinion as an engineer that the transmitter employed by appellant's station was not of modern design, in that automatic frequency control is not incorporated therein and the maximum percentage of modulation claimed was only 50 per cent., whereas the commission's regulations required that the transmitter be kept on at least 75 per cent. modulation; that the circuit employed was known as the antenna-oscillator type and it is very difficult to maintain this on an assigned frequency within the 500-cycle limit, the difficulty being that when the antenna swings due to the wind the frequency will vary. This is due to the antenna being directly coupled to the oscillator circuit. These findings were also approved by Supervisor Kolster. It also appeared without contradiction that in the year 1930 appellant had made untruthful and misleading statements to an inspector who was engaged in an official examination of the equipment employed by the station.

Upon a review of the entire record we think the testimony substantially tends to sustain the findings of the commission.

It is contended by the appellant that the commission erred in admitting evidence in violation of its established rules and regulations. This exception relates to the admission in evidence of a letter received by the supervisor which was attached to his report. It appears, however, that according to the rule in question copies of reports of any governmental department or agency made by an employee thereof in the course of his duties in so far as material to the inquiry are admissible in evidence if authenticated by the custodian of such records or by a person who compiled the same. In view of this proviso it is obvious that the evidence in question was admissible. It is also a well-settled rule, recognized by this and other courts, that the commission and other administrative bodies are not bound by the strict jury rules of evidence which are applicable to court proceedings, but that such bodies may under reasonable regulations depart from such rules. 1 Wigmore on Evidence, § 4a; Technical Radio Laboratory v. Federal Radio Commission, supra. Moreover, the letter in question contained information which was admitted by appellant to be correct, and therefore even if its admission was improper appellant could not have been prejudiced thereby. Nor was it error for the examiner to exclude testimony concerning appellant's intention to procure a new transmitter, inasmuch as the sole question upon hearing was whether the license for the use of the old equipment should be renewed.

We find no error in the commission's procedure which could have interfered with a

full and fair trial of the issues properly presented by the appellant's application. Accordingly, the order of the commission herein appealed from is affirmed with costs.