RADIO INVESTMENT CO., Inc., v. FEDER-
AL RADIO COMMISSION (NEW JERSEY
BROADCASTING CORPORATION, Inter-
vener).

No. 5546.

Court of Appeals of the District of Columbia.

Argued Oct. 3, 1932.

Decided Nov. 21, 1932.

Rehearing Denied Dec. 17, 1932.

George E. Strong, of Washington, D. C.,
for appellant.

D. M. Patrick, Fanney Neyman, and
Thad H. Brown, all of Washington, D. C.,
for appellee.

Paul M. Segal and George S. Smith, both
of Washington, D. C., for intervener.

Before MARTIN, Chief Justice, and
ROBB, HITZ, and GRONER, Associate
Justices.

MARTIN, Chief Justice.

In the year 1930 there were four radio
broadcasting stations located in the state of
New Jersey which were sharing time upon
the frequency of 1,450 kc., each having a
power of 250 watts. These were station
WNJ owned and operated by the Radio In-
vestment Company, located at Newark, N.
J., station WHOM at Jersey City owned and
operated by New Jersey Broadcasting Cor-
poration, station WKBO located at Jersey
City, and station WBMS located at Hacken-
sack, N. J.

In that year station WNJ applied for a
renewal of its license and requested a modi-
fication thereof for the use of 500-watt pow-
er and for unlimited hours of operation.
This application accordingly impliedly re-
quested the grant to WNJ of full-time oper-
ation upon frequency 1,450 kc. to the exclu-
sion of the other three stations which were
then sharing time with it upon that frequen-
cy.

On December 17, 1930, this application
was heard before the examiner assigned by
the commission, all of the stations being rep-
resented at the hearing, and testimony was
duly taken. The examiner thereupon filed a
report, in which he stated that in the summer
of 1930 station WNJ had deviated from its
assigned frequency beyond the 500-cycle tol-
erance permitted by general order No. 7 on
at least eight occasions; that the deviations
were not due to causes beyond the control
of the station; that the station had not been
maintained in accordance with the progress
of the radio art; that the technical opera-
tion of the station had not been carried on in
accordance with the best accepted engineer-
ing standards; that on at least three occa-
sions the station had failed properly to an-
nounce the playing of phonograph records
in accordance with the provisions of general
order No. 78; that the granting of the ap-
plication of the station for increase in power
would result in serious interference with ex-
isting stations to the detriment of those sta-
tions and the listening public; that the sta-
tion had failed to make the maximum use
of the facilities assigned to it; that it had
failed to show that the service rendered by it
was superior to that rendered by the stations
with which it shared time; that the area
served by it receives excellent service from
numerous New York and New Jersey sta-
tions; but that while the station had been
operated in a careless and negligent manner
the examiner believed that its future opera-
tion would conform to the rules and regula-
tions of the commission. The examiner
therefore recommended that the license of
the station should be renewed to share time
with the other stations as theretofore al-
lowed, and that its application for increased
power and for a construction permit should
be denied. Station WNJ excepted to the
conclusions of the examiner denying its ap-
plication for increased power and increased
time, but on May 15, 1931, the commission
issued its statement of facts and grounds for
decision overruling the exceptions and grant-
ing the station a renewal of its license upon
the terms recommended by the examiner.

In the meantime on December 6, 1930, an application was filed by station WHOM, one of the four stations sharing time as aforesaid, wherein the station similarly applied for unlimited time of operation. This application accordingly requested a transfer to station WHOM of the time theretofore granted to stations WNJ, WKBO, and WBMS. The application duly came on for hearing before an examiner on April 22, 1931, and the interested stations were represented at the hearing. The examiner after hearing the evidence reported that station WHOM had rendered an average local community service and was operated in accordance with modern engineering standards and in accordance with the regulations of the commission; that the operating company was financially and technically qualified and prepared to extend and improve its present service should increased hours of operation be permitted; that the programs broadcast by it were superior to those of stations WNJ and WKBO; that the licensee of station WNJ in the operation of that station had frequently been guilty of violating the terms of its license and of the commission's regulations, and until recently had been operated with obsolete equipment and in a careless and negligent manner; that station WKBO was inadequately financed and rendered a comparatively poor program service; that the time division requirement between the stations involved in this case was inexpedient because of the expense of operating an excessive number of broadcasting stations within the same location; that the division of time was a handicap to the stations not only financially but from an operating standpoint, and accordingly reduced the service to the listening public. The examiner stated it as his opinion that under the circumstances public interest, convenience, and necessity would be served by a consolidation of the assignments in a single progressive and well managed and adequately financed station such as station WHOM, to the exclusion of stations which failed to meet standards of good broadcasting such as WNJ and WKBO. The examiner stated that the granting of the application of WHOM for increased hours of operation would result in an improvement in the public service and in a more efficient use of the frequency of 1,450 kc.; and in view of these findings the examiner reported that the public interest, convenience, and necessity would best be served by granting to station WHOM the time of operation theretofore assigned to stations WNJ and WKBO, and denying the application in so

far as it related to the operation of station WBMS. The examiner accordingly recommended that a license be issued to station WHOM for the use of three-fourths time and to WBMS for one-fourth time upon the frequency of 1,450 kc.

This report was considered by the commission on October 23, 1931, and was approved, whereupon a modified license was issued to station WHOM authorizing the operation of that station on the frequency of 1,450 kc. with power output of 250 watts to operate three-fourths time and station WBMS to operate one-fourth time upon the same frequency and with the same power, and that the temporary broadcasting license theretofore issued to stations WNJ and WKBO should be terminated in accordance with the terms and conditions thereof. Station WNJ excepted to the rulings and orders of the commission and the present appeal is taken by it for a review of the same.

It is provided by law that such a review by this court of the commission's decisions shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious. Radio Act 1927, § 16, as amended by Act July 1, 1930 (46 Stat. 844 [47 USCA § 96]).

We have reviewed the testimony and rulings contained in the record and are of the opinion that the decision of the commission is sustained by substantial evidence and is not capricious or arbitrary. It is manifest that the division of time upon the same frequency in the same locality between four local stations might be uneconomic and impractical. Necessarily such stations might depend upon the same local patronage for their support, and such a division of time might impose undue expense upon each station and such a division of the local patronage as would interfere with the efficient operation of the stations as required by the public interests. This statement is supported by the fact that station WNJ, supposedly for these reasons, requested the commission to give it full time of operation upon the frequency to the exclusion of the other three stations then sharing in it. In line with this procedure station WHOM later filed a similar request praying the commission to award it full time to the exclusion of stations WNJ, WBMS, and WKBO. In other words these two stations effectually brought before the commission the fact that it was in the public

interest as well as to their own that the frequency in question should not be divided between them as had been the case, but that one of them should be given full time to the exclusion of the other. After a full hearing of the facts and circumstances involved in the case the commission sustained this view and found that station WHOM should in the public interest be granted the exclusive use of the frequency in that locality.

It is unnecessary for us to discuss in detail the testimony contained in the record. We have examined it with care and find that the decision of the commission is supported by substantial evidence and is not arbitrary or capricious. Moreover we find that the record discloses no error of procedure which deprived the appellant of a fair hearing in the case.

The decision appealed from is therefore affirmed.