## UNITY SCHOOL OF CHRISTIANITY v. FEDERAL RADIO COMMISSION et al.

### No. 5582.

Court of Appeals of the District of Columbia.
Argued Feb. 6, 1933.
Decided March 13, 1933.

Rehearing Denied April 7, 1933.

George E. Strong, of Washington, D. C., for appellant.

Thad H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for Federal Radio Commission.

John M. Littlepage, of Washington, D. C., for Radio Station KFH Co., intervener.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Federal Radio Commission granting the application of Radio Station KFH Company (KFH), of Wichita, Kan., for a modification of its license, and terminating the existing license of appellant, Unity School of Christianity (WOQ), of Kansas City, Mo., which had been dividing time with KFH; WOQ operating on two-sevenths time, and KFH five-sevenths time on 1,300 kc., with power of 1 kilowatt. Both stations are in the fourth zone.

On March 18, 1931, station KFH applied for modification of its license, requesting full time on the same frequency, which would result in the deletion of station WOQ. The Commission designated the application for hearing, and on May 1, 1931, notified the two stations, as well as other parties in interest, of this action. On March 27, 1931, station WOQ made application for the consent of the Commission to the assignment of its license to the Fairfax Broadcasting Company of Kansas City, Mo. This application was also designated for hearing and interested parties notified. The two applications were consolidated for hearing and heard as one case on May 27 and 28, 1931, before an examiner appointed by the Commission.

On July 31, 1931, the Examiner submitted his report to the Commission, together with the recommendation that the application of station KFH for modification of its license be denied, and that the application of station WOQ for assignment of license be granted.

Thereafter, on August 27, 1931, KFH filed exceptions to the Examiner's report, and requested an oral hearing. The rules of the Commission allowed not more than 15 days (in the case of stations in the first four zones, and 20 days for stations in the fifth zone) after the submission of the Examiner's report within which to file exceptions, but the Commission extended the time.

Thereafter, on December 18, 1931, the Commission, without notice to WOQ, reversed the decision of the Examiner and granted the application of KFH, which would terminate the license to WOQ. WOQ appealed from so much of the Commission's decision as involved the granting of the application of KFH for a modification of its license. Subsequently station KFH intervened in this court as a party in interest.

The rules of the Commission require an Examiner who has taken testimony to have it transcribed and reported back to the Commission, together with a written report containing recommendations as to the decision to be made and the facts and grounds upon which the recommendations are based. That was done in the present case. The exceptions filed to that report by KFH were accompanied by the affidavit of a clerk in the office of its counsel (as required by the rules of the Commission) that she had mailed a copy of such exceptions "to each of the parties participating in the hearing" before the Examiner. When counsel for the parties are located in the same city we think it better practice to attempt to serve opposite counsel, and, in the event mailing is necessary, that notice be sent by registered mail.

The function of an Examiner is analogous to that of an auditor or special master, and his report has similar weight. The Examiner's report in the present case being favorable to WOQ, there was no occasion for that station to file any exceptions. When KFH filed exceptions and requested an oral hearing "before a quorum of the Commission," it was the duty of the Commission before decision to notify WOQ, whose very existence was involved, and afford that station an opportunity to be heard; otherwise, there would be a denial of due process. Symons Broadcasting Co. v. Federal Radio Commission, 62 App. D. C. 46, 64 F.(2d) 381; Dohany v. Rogers, 281 U. S. 362, 369, 50 S.

Ct. 299, 74 L. Ed. 904, 68 A. L. R. 434. The statute imposed upon the Commission jurisdiction to make findings of fact, and if such findings are supported by substantial evidence they are conclusive (Act of July 1, 1930, c. 788, 46 Stat. 844 [47 USCA § 96]), but they can only be made after notice and an opportunity for hearing. The findings in the present case having been made without notice, the decision must be set aside and the case remanded, to the end that a proper hearing be had before the Commission.

It is so ordered; costs here to be divided between appellant and intervener.

Reversed and remanded.