WOODMEN OF THE WORLD LIFE INS. ASS'N (STATION WOW) v. FEDERAL RADIO COMMISSION et al.

MONA MOTOR OIL CO. (STATION KOIL) v. SAME.

OMAHA GRAIN EXCHANGE (STATION WAAW) v. SAME.

Nos. 5783–5785.

Court of Appeals of the District of Columbia.

Argued April 3, 1933.

Decided May 1, 1933.

Paul M. Segal and George S. Smith, both of Washington, D. C., for appellants.

Ben S. Fisher, Ralph L. Walker, and Fanney Neyman, all of Washington, D. C., for Federal Radio Commission.

Elisha Hanson and Eliot C. Lovett, both of Washington, D. C., for intervener.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeals from a decision of the Radio Commission granting the application (filed April 25, 1932) of the intervener, Red Oak Radio Corporation, to move its station (call letters KICK) from Red Oak, Iowa, to Carter Lake, Iowa (a distance of about 35 miles), without change in operating assignment.

The Commission, being of the opinion that a prima facie showing of public interest, convenience, and necessity had been made, conditionally granted the application. Thereafter the Woodmen· of the World Life Insurance Association, a regional station located at Omaha, Neb., with call letters WOW; the Mona Motor Oil Company, another regional station, located at Council Bluffs, Iowa, a suburb of Omaha, operating with the call letters KOIL; and the Omaha Grain Exchange, another regional broadcasting station, located at Omaha, and operating during the daylight hours only, with the call letters WAAW— filed protests with the Commission against the granting of the application, and requested that it be designated for hearing. The Commission on May 31, 1932, in accordance with paragraph 46 of its rules and regulations, suspended its action in granting the application, and designated the same for hearing. Each party was duly notified, and a hearing was had on July 15, 1932, before the chief examiner of the Commission; each of the parties appearing and participating to the fullest extent.

The examiner in a written report recommended that the Commission affirm its action in granting the application. Thereupon appellants filed exceptions to the report of the examiner, and requested that an opportunity be afforded for oral argument.

Thereafter the Commission upon consideration of the evidence, the examiner's report, and the exceptions thereto, in a written opinion affirmed its previous action in granting the application.

Appellants contend that there is no necessity for the proposed change of location and that the application for removal is in effect a device for a new service by new parties in a new area not needing such service, and that

the granting of the application would adversely affect appellants, in that such grant and the consequent establishment of the type and character of the station proposed would have such an effect upon the appellants as necessarily to reduce their capabilities in rendering service.

It will be observed that no question of interference is involved. From the report of the examiner and the findings of the Commission, it appears that Red Oak is the county seat of Montgomery county, which has a population of 16,500. Omaha and Council Bluffs are industrial areas; and within a radius of 20 miles from Carter Lake, which includes both Omaha and Council Bluffs, is an approximate population of 350,000. Broadcast service is now received from appellants and from Station KFAB of Lincoln, Neb. The examiner and the Commission found that the operation of the applicant station at Carter Lake would be expected to enable that station to render consistently satisfactory service throughout the residential sections of Omaha and Council Bluffs; that although the general contention of appellants is that the addition of a station to the Omaha area might act further to limit their revenues and necessitate a reduction in the quality and amount of local sustaining programs broadcast by them, it does not appear that the operation of the applicant station in the Omaha area would to any appreciable extent curtail the advertising business of appellants, or that there is not sufficient business in that area to care for the advertising needs of all interested stations.

The Commission found that although the Council Bluffs and Omaha area now receives service from appellants' stations and the station located at Lincoln, "the only one of these stations broadcasting purely local programs operates during daytime hours only, and the unlimited time local service proposed by applicant to be rendered in this large industrial area appears to be meritorious and designed to meet existing needs." That it does not appear that the operation of the applicant station would so affect the interests and advertising revenues of appellants' stations as to necessitate any curtailment of either the quality or quantity of the service now rendered by them to the listening public.

■■ It is apparent that the real ground for opposition to the change of location of the applicant station is that there is not room for another competitor in the area to which removal is sought, and hence that public interest, convenience, and necessity would not be served by the change. Much testimony was taken before the examiner and was carefully reviewed by him in his report, which, as we have already ruled, is analogous to that of an auditor or special master, and has the same weight. Unity School of Christianity v. Fed. Radio Comm., 62 App. D. C. 52, 64 F.(2d) 550. The exceptions to this report are in thirty-one paragraphs and cover appellants' contentions as fully as they are presented in the brief filed in this court. To justify a reversal of the decision of the Commission, it would be necessary for us to hold that there is no substantial evidence in support of the findings of the Commission. Radio Investment Co., Inc., v. Fed. Radio Comm., 61 App. D. C. 296, 62 F.(2d) 381; Beebe v. Fed. Radio Comm., 61 App. D. C. 273, 61 F.(2d) 914; Nelson Bros. Bond & Mortgage Co. v. Fed. Radio Comm., 61 App. D. C. 315, 62 F.(2d) 854.

While the evidence is conflicting, that introduced in behalf of the applicant station certainly tended to support the conclusions reached by the examiner and the Commission. In other words, there was substantial evidence to support those findings and, hence, they are conclusive. Act of July 1, 1930 (chapter 788, 46 Stat. 844 [47 USCA § 96]); Riker v. Fed. Radio Comm., 60 App. D. C. 373, 55 F. (2d) 535.

■ It is further contended that the Commission erred in failing to accord appellants an opportunity for oral argument. They introduced evidence before the examiner, and there is no contention that they were not accorded full opportunity to be heard by that official. They had notice of his findings and an opportunity to answer them in their exceptions and by brief had they so desired. In such circumstances the failure of the Commission to hear oral argument was not an abuse of discretion. Sproul v. Fed. Radio Comm., 60 App. D. C. 333, 54 F.(2d) 444. In Unity School of Christianity v. Fed. Radio Comm., 62 App. D. C. 52, 64 F.(2d) 550, the report of the examiner was in favor of the appellant in this court. The Commission sustained exceptions to the examiner's report without affording appellant an opportunity to be heard, by brief or otherwise. This we held to be a denial of due process. And in Symons Broadcasting Co. v. Fed. Radio Comm., 62 App. D. C. 46, 64 F.(2d) 381, the Commission had failed to grant any hearing to one of two applicants for the same frequency, which we held to be error. The facts in the present case distinguish it from the facts in those two cases.

The decision is affirmed.

Affirmed.