JOHN DIVIRGILIO *v.* LIQUOR CONTROL COMMISSION

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 8—decided October 30, 1947

*Pasquale Vioni,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

*Charles G. Albom,* with whom was *Albert Evans,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff applied for a restaurant liquor permit in New Haven. It was denied on the following ground: "The Commission, having considered the number of like outlets in the neighborhood, has reasonable cause to believe that the granting of another permit in this locality would be detrimental to the public interest." The plaintiff appealed to the Court of Common Pleas and his appeal was sustained.

The case was tried on the transcript of evidence taken before the commission. No finding was necessary nor was one made. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A. 2d 655. It appears from the transcript that the plaintiff had conducted a restaurant with a beer permit for some time. He was a suitable person and his place was conducted satisfactorily on all counts. The only objection stated by the commission to the granting of the permit was that quoted above.

General Statutes, Sup. 1945, § 634h, provides: "The commission may . . . refuse to grant permits for the sale of alcoholic liquor if it has reasonable cause to believe: . . . (3) that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the

immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood." There are seventeen liquor outlets within a radius of 1060 feet from the premises in question, of which nine are restaurant liquor. The population of New Haven is 175,000. The total number of outlets in New Haven is 777, of which 248 are restaurant liquor. The reason given for refusing the permit was substantially in the words of the statute. The *Biz* case, supra, 561, holds the question to be one of fact and discusses suitability of place with reference to the number of existing permits in some detail. The conclusion is reached that the statute authorizes the commission to draw the line somewhere and that if it does so, on sufficient evidence, its action may not be held to have been arbitrary or illegal. See also *Newington* v. *Mazzoccoli*, 133 Conn. 146, 155, 48 A. 2d 729. *Connecticut Baptist Convention* v. *Murphy*, 128 Conn. 261, 22 A. 2d 13, illustrates the limitations imposed on the court on appeal in passing on the decision of an administrative officer. The trial court had no power to reverse the action of the commission unless the plaintiff's claim noted below is valid.

The principal reason advanced in the trial court for reversal of the action of the commission was that, as appears in the transcript, the chairman of the commission, when the taking of testimony was nearly ended, remarked, in effect, that there were enough outlets in New Haven. The chairman stated that he was giving his own position, as distinguished from that of the commission. His remarks were better adapted to the executive session in which the final decision was reached, but they do not indicate that the case was prejudged or that the commission was

influenced by improper motives. See *Thayer* v. *Board of Appeals,* 114 Conn. 15, 20, 157 A. 273; *Fuller* v. *Johnson,* 80 Conn. 493, 497, 68 A. 977; *Garrick* v. *Tidwell,* 151 Ga. 294, 297, 301, 106 S. E. 551; *Piuser* v. *Sioux City,* 220 Iowa 308, 317, 262 N. W. 551. The facts in evidence, in view of the terms of the statute quoted, furnish sufficient support for the conclusion reached. The trial court erred in concluding that the action of the commission should be reversed.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal from the ruling of the commission.

In this opinion the other judges concurred.