This is an appeal from the denial by the defendant commission of an application for a club permit for premises at 229 Hamilton Street, New Haven. The appealing plaintiffs are Francesco Diasandradi, applicant for the permit, and Cape Verdiano Social Club, Inc., owner of the proposed permit premises. The application was denied on the following ground: "Unsuitability of Place Because the place is not a club within the contemplation of the Act."
The transcript of the proceeding before the commission on July 26, 1948, discloses the following matters: The club is a social club the incorporation of which was approved by the secretary of state on August 25, 1942. On April 30, 1946, the club purchased two buildings in New Haven, one of which is the premises now used as a club room. The club premises are thus described in the transcript: "Club premises consist of a room 22 feet wide and 35 feet deep on first floor of a two story wood frame building. In this room there is a small bar, *Page 60 
8 feet 4 inches long with a 4 1/2 foot return to the wall. Equipment in the room includes 30 wooden folding chairs, 1 small table, 1 piano, and a juke box. Bar is not partitioned off. There is a ladies' toilet in this room. Basement is to have a kitchen, which is not yet installed. In the basement there is a toilet and shower. In a small hall in back of club room there is a public telephone installed, which is for the convenience of the members, according to the applicant."
From the transcript it appears that "Club rents living quarters over club room for $20 monthly, and house next door is rented for $16 monthly. Besides the rents the only source of income is from dues, which are $12 yearly. There are 64 members;" and it further appears that the balance in one of the club's two bankbooks is $214.32 and $217.47 in the other.
While additional evidence was permitted the plaintiffs at the trial of the appeal on November 18, nothing more was brought out of a material nature effecting the problem presented. Defendant's exhibit 3, a photograph introduced at the trial, depicts the single club room to which reference hereinafter will be made.
Section 617h (b) of the 1945 Supplement, amendatory of § 1012c (8), Cum Sup. 1935, defines the word "club" within the meaning of the Liquor Control Act. It is not necessary to quote the statute. There is a provision therein relating to suitability and adequacy of accommodation. Section 151-77 of the regulations of the commission reads: "Premises. No new application for a club permit shall be approved if the premises applied for shall consist of one room only and a bar shall be part of the equipment or furnishings of such one room." Refer again to defendant's exhibit 3 and comments de club facilities. Parenthetically it should be stated that it appears that the club premises constitute but one room, and therefore are subject to exclusion under the regulation.
Appeals to the court from the action of the defendant commission are no longer heard as trials de novo. Recent decisions of our Supreme Court have pointed out that suitability of place is a question of fact for the determination of the commission. See Biz v. Liquor Control Commission, 133 Conn. 556,561; Divirgilio v. Liquor Control Commission, 134 Conn. 143,145. *Page 61 
The plaintiffs contend that the club in question meets all of the statutory requirements of the word "club" as defined in the statute. It is true that the reason given by the commission of unsuitability of place in its denial of the application is in broad terms and lacks that particularity helpful to a reviewing court. Which factor, or group of factors, weighed in the decision reached by the commission does not specifically appear on this record as the ground or grounds for the conclusion of unsuitability of place. Counsel for the commission has stressed that section of the regulations heretofore quoted and argues that in all events the club in point of fact presently consists of one room with a bar therein and that therefore the premises are physically unsuitable and inadequate and contravene the provisions of this regulation.
Section 1020c of the 1935 Cumulative Supplement provides that every such regulation of the commission "shall have the same force and effect as law, unless and until set aside by some court of competent jurisdiction or revoked by the the commission." Had the commission specifically assigned as a reason for denial of the application that the proposed premises for a club permit did not conform to the statute in the light of the regulation, the court would have no hesitation in upholding its action. That there is such a hesitation lies only in the fact that the court feels that the reason for denial of the application principally relied upon by counsel for the commission should have been specifically stated in its notification of rejection to the named plaintiff. But an examination of the entire record makes it appear that the premises do not conform to club premises within the meaning of the regulation, and therefore within the meaning of the law relating to the Liquor Control Act. It may well be that at a later date the plaintiffs can satisfy the commission that because of alterations to the building or the use of the basement and second floor as direct adjuncts of the club facilities a subsequent application should be granted. This aspect, however, does not fortify them on the limits of the appeal as presented and argued.
Whether the commission arrived at the conclusion it did because of other factors need not be considered. Yet such aspect should be ascertained from the secretary of the commission by plaintiffs' counsel in preparation for a hearing at a future date. As indicated, the decision in this court is limited to a narrow phase pointed up by the regulation quoted. *Page 62 
In view of the foregoing the record as a whole does not justify a conclusion that the commission acted arbitrarily, or otherwise abused its discretion, in denying the permit.
 Judgment to enter sustaining the action of the commission, and dismissing the appeal.