## LIBERO J. CUSANO *v.* JOHN T. DUNN, JR., ET AL., LIQUOR CONTROL COMMISSION

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued April 5—decided June 6, 1950

*Alfred F. Wechsler* and *Joseph E. Klau,* with whom, on the brief, were *John M. Bailey* and *David M. Shea,* for the appellant (plaintiff).

*Pasquale Vioni,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellees (defendants).

BALDWIN, J. The plaintiff made application to the liquor control commission for a package store liquor permit which was denied on the ground that the number of like outlets in the vicinity made the granting of another permit detrimental to the public interest. The plaintiff appealed to the Court of Common Pleas, which sustained the action of the commission. From that judgment he has appealed to this court. It is his claim that the commission acted arbitrarily, capriciously and illegally in denying his application. The procedure on this appeal was not entirely regular, but no point was made of this and the facts of record are not disputed. See *Waddell* v. *Board of Zoning Appeals,* 136 Conn. 1, 4, 68 A. 2d 152.

The plaintiff is the son of Mario Cusano, the owner of a store at 459 Franklin Avenue in Hartford. For some time past, Paolo Gionfriddo had been operating a package store there as a tenant of Mario Cusano. There are seventeen different liquor outlets within a radius of 1500 feet of the premises. Mario Cusano, wishing to obtain possession of the premises so that his son, the plaintiff, might carry on a liquor business, by a judg-

ment in summary process against Gionfriddo made it necessary for him to vacate the premises. Gionfriddo then acquired a location nearby, at 473 Franklin Avenue. His application to the zoning board of appeals for the variance of the zoning ordinance necessary before another building in that specific area could be used as a liquor outlet was approved, and the liquor control commission was so advised. At the time the commission heard the Gionfriddo application for a permit for the new location, it had been advised by the plaintiff that he would later apply for a permit for 459 Franklin Avenue and would oppose the Gionfriddo application. The chairman had put a note in the Gionfriddo file, "Hold for a hearing on both applications." Notwithstanding, the commission proceeded to hear and grant the Gionfriddo application. No appeal was taken from the granting of the variance by the zoning board of appeals or from the action of the commission in granting the permit.

The plaintiff claims that, since the premises at 459 Franklin Avenue had been used as a legal liquor outlet for more than twelve years, and since this use was not violative of the zoning ordinance, they constituted an existing "permit premise," and the commission's action in granting Gionfriddo's permit for his new location, when it knew that the plaintiff was going to apply for a permit for the old, was arbitrary and unreasonable. The commission, whether the two applications were heard together or separately, was faced with the necessity of choosing between a new applicant at an old location and an existing permittee at a new location, unless the number of outlets in the neighborhood was to be increased.

A permit to sell intoxicating liquors is a purely personal privilege revocable at the discretion of the commission, does not constitute property, and is not trans-

ferable. General Statutes § 4236; see *Amarone* v. *Brennan*, 126 Conn. 451, 456, 11 A. 2d 850. It cannot attach as a right or privilege to any particular location, except in so far as the individual permittee is authorized to engage in the sale of alcoholic liquor there, as specified by the permit. The commission may indorse upon the permit permission to the permittee to remove to another specified building. General Statutes § 4269. Such indorsement terminates the privilege of sale at the original location. The only way in which the plaintiff could legally conduct a liquor business at 459 Franklin Avenue after Gionfriddo had moved was by becoming a substitute permittee, as provided in § 4280 of the General Statutes, or by obtaining a new permit. As § 4280 provides that a substitute permittee can only be "permitted to serve in the place and stead of the original permittee," that statute could not avail the plaintiff in this case, since Gionfriddo was operating at the new location under the permit which had been granted to him. The fact that the commission, in considering the two applications, dealt with each of them as presenting a separate and distinct case to be determined upon its own merits did not constitute an abuse of discretion upon its part. Nor does the circumstance that the commission had issued no new permit for a liquor outlet within 1500 feet of 459 Franklin Avenue between the date when Gionfriddo's application was filed and that when the plaintiff's was filed require a different conclusion. The latter application was for a new permit, the granting of which, under the existing circumstances, involved the creation of an additional outlet.

If the commission had reasonable cause to believe that to grant a new permit would prove detrimental to the public interest, it was its duty under the express provision of § 4263 (3) of the General Statutes to re-

fuse to do so. Its refusal could only be disturbed by the court if under all of the circumstances it was arbitrary or illegal or amounted to an abuse of discretion. *Divirgilio* v. *Liquor Control Commission,* 134 Conn. 143, 145, 55 A. 2d 865; *Holley* v. *Sunderland,* 110 Conn. 80, 83, 147 A. 300.

The plaintiff contends that the action of the liquor control commission was predicated upon the claimed illegal decision of the zoning board of appeals in granting a variance to Gionfriddo. Since the action of the zoning board of appeals stood unmodified either upon appeal or by other effective proceeding, the liquor control commission was entitled to accept its ruling.

In support of his claim that the commission's failure to hear both applications together amounted to an abuse of discretion, the plaintiff urges that they were mutually exclusive and the granting of one precluded the granting of the other. The cases he cites in his brief in support of his proposition relate to action by the federal communications commission and do not present situations parallel to that in the case at bar. The granting of a certain radio frequency to one applicant precludes the physical feasibility of granting it to another. See *Symons Broadcasting Co.* v. *Federal Radio Commission,* 64 F. 2d 381, 382; *Unity School of Christianity* v. *Federal Radio Commission,* 64 F. 2d 550, 551; *Ashbacker Radio Corporation* v. *Federal Communications Commission,* 326 U. S. 327, 333, 66 S. Ct. 148, 90 L. Ed. 108. Permits to sell liquor in a given vicinity are not necessarily mutually exclusive either in fact or law. The granting of both permits was not physically impossible but rested within the discretion of the commission.

There is a presumption that such a board has acted with fair and proper motives, skill and sound judgment. *Strain* v. *Mims,* 123 Conn. 275, 285, 193 A. 754.

It is invested with a liberal discretion. *Burr* v. *Rago,* 120 Conn. 287, 291, 180 A. 444; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343.

The interpretation we place upon the statutes as applied to the facts renders unnecessary a discussion of the claim that the statutes are unconstitutional as retroactive. The owner of property has no vested interest in a liquor permit issued to his tenant.

There is no error.

In this opinion the other judges concurred.