John B. Barnini *v.* Liquor Control Commission

Baldwin, King, Murphy, Mellitz and Shea, Js.

Argued April 10—decided May 8, 1959

*John D. LaBelle* and *Jay E. Rubinow,* with whom, on the brief, was *Seymour A. Rothenberg,* for the appellant (plaintiff).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

MURPHY, J.  From a judgment of the Court of Common Pleas sustaining the action of the liquor control commission in denying the application of the plaintiff for a package store permit in Manchester, he has appealed.

The zoning regulations in Manchester prohibit the use of premises for the sale of alcoholic liquor within 1000 feet in a direct line of any other premises so used.  Manchester Zoning Regs., art. 4, § 8. The statute makes it mandatory upon the liquor control commission to refuse permits where the sale of alcoholic liquor is prohibited by the zoning ordinance. Rev. 1958, § 30-44.

On January 20, 1958, the commission conducted hearings on the plaintiff's application and that of Leon C. Twombly, who sought a restaurant liquor permit for a Howard Johnson restaurant.  Both premises were on Tolland turnpike less than 600 feet apart.  Also heard on the same day was the application of Donald A. Knofla for premises on the turnpike at Deming Street, 1900 feet from the plaintiff's location.  Twombly and Knofla had filed their applications after the plaintiff had filed.  Ten days after the hearings, the members of the commission visited the area to determine the character of the neighborhood.  Thereafter, the plaintiff's application was denied because of unsuitability of place in that a package store permit at that location

would be detrimental to the public interest. Both of the other applications received favorable consideration. Despite the effort of counsel to inject into this appeal the question of the action taken upon the other applications, it is not germane to the issue before us. We are not considering an appeal by remonstrants to the granting of those permits. The only matter before us for review is the action of the court in determining that the commission did not act illegally, arbitrarily or in abuse of its discretion in denying the plaintiff's application.

The record discloses that the plaintiff had moved a frame two-car garage onto property adjoining a gasoline station which he operated about 150 feet from an eastbound exit of the Wilbur Cross Parkway. Two other gasoline stations, a motel and the Howard Johnson restaurant were the only other buildings in the immediate vicinity. The adjacent land was undeveloped. Such residential areas as existed were sparsely settled and some distance away. At the time the application was filed, the garage was temporarily resting on cement blocks and the front of the building was open to the weather except for a single-width door which was temporarily fastened in the center. At the time of the hearing, the front of the building had not been closed. Across the parkway there was another motel and two gasoline stations, but there was no direct connection from one side of the parkway to the other. The population of Manchester was about 34,000 in 1950 and there are 90 liquor permit premises in town, including 20 package stores and 16 restaurants.

After judgment had been rendered dismissing the appeal, the plaintiff filed a motion to reopen the judgment for consideration of a supplemental

transcript of the hearing before the commission. The court examined the transcript and denied the motion on the ground that the testimony in the transcript would not cause the court to change its conclusion. The transcript shows that after the Knofla hearing the plaintiff was permitted to testify further on his own application, and the gist of his testimony was that he did not know, when he moved the garage onto his property and made his application for a permit, that Twombly and Knofla were planning to apply for their permits. The action of the court in denying the motion was within its legal discretion. *Cichy* v. *Kostyk*, 143 Conn. 688, 697, 125 A.2d 483; *Keller* v. *Carone*, 138 Conn. 405, 407, 85 A.2d 489.

Upon the trial, the plaintiff sought to introduce testimony concerning other package store permits issued by the commission and particularly the one issued to Knofla, claiming that this evidence was admissible to show that it would not be detrimental to the public interest to grant a permit for the plaintiff's premises adjacent to the parkway ramp and also, more generally, that the granting of such a permit would not be detrimental to the public interest under the statute (Rev. 1958, § 30-46) setting forth the factors which the commission is permitted to take into consideration. Evidence as to the issuance of other permits was irrelevant to the plaintiff's appeal. The court had before it the report of the inspector on the plaintiff's application, and it showed that Knofla's location was more than one-third of a mile east of the plaintiff's property. Evidence outside the record before the commission is restricted to that which, for good cause shown, was not offered to the commission, and to such other evidence as the court finds necessary for a just determination

of the issues presented. Rev. 1958, § 30-60; *Hoffman* v. *Kelly,* 138 Conn. 614, 619, 88 A.2d 382. The court was not in error in excluding the offered evidence.

Only one other assignment of error requires discussion. It pertains to the claim that the commission should have stated the grounds upon which it found that a package store on the plaintiff's premises would be detrimental to the public interest, when at the same time it granted a restaurant liquor permit for premises across the street. A permit to sell liquor is a matter of privilege and not of right. *Pierce* v. *Albanese,* 144 Conn. 241, 252, 129 A.2d 606. We have repeatedly pointed out that the commission is vested with broad discretionary powers and that its decisions will be reversed only when it has acted capriciously, unreasonably or arbitrarily. *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 552, 135 A.2d 595. The facts considered by the commission in acting upon Twombly's application are not before us and we have no knowledge of them. We do take notice, however, of the differences in the nature and character of package stores and restaurants. The former sells nothing but liquor in sealed containers for off-premises consumption. Rev. 1958, § 30-20. A restaurant is primarily engaged in the preparation and service of hot meals; Rev. 1958, § 30-1 (17); and service of liquor for consumption by patrons is incidental. *Guillara* v. *Liquor Control Commission,* 121 Conn. 441, 446, 185 A. 398. It would be unnatural if the commission did not take these factors into consideration. An administrative agency may differentiate between two or more applications where there is a reasonable and logical basis for so doing. *Ball* v. *Town Plan & Zoning Commission,* 146 Conn. 397, 402, 151 A.2d 327; *Chouinard* v. *Zoning Commission,* 139 Conn. 728,

732, 97 A.2d 562. In the exercise of its discretion, with all the facts before it, and having made a visual examination of the locality, the commission denied the plaintiff's application. We see no inconsistency, let alone illegality, in its action. The conclusion of the commission that the place was unsuitable was based upon the finding that the granting of a package store permit at this location would be detrimental to the public interest. The statute authorizes the commission to regulate the liquor traffic, and a finding by the commission that another outlet for a particular type of liquor business would be detrimental to the public interest cannot be held to be arbitrary or illegal if it is based on sufficient evidence. *Divirgilio* v. *Liquor Control Commission*, 134 Conn. 143, 145, 55 A.2d 865. Such is the case here.

There is no error.

In this opinion the other judges concurred.