FEARVANTE J. VICHI *v.* LIQUOR CONTROL COMMISSION

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued December 4, 1963—decided February 5, 1964

 

*Jerome I. Walsh,* with whom, on the brief, were *Harold W. Garrity* and *Vincent L. Diana,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant).

MURPHY, J. The liquor control commission in 1959 denied the application of the plaintiff for a package store permit at 378 Spencer Street in Manchester. See General Statutes §§ 30-15, 30-20, 30-41. The commission determined that the place was unsuitable because a package store permit there would be detrimental to the public interest. On appeal, the Court of Common Pleas sustained the action of the commission. The plaintiff has appealed to us.

The plaintiff's premises are in a business zone on the south side of Spencer Street, about twenty feet east of the East Hartford town line. The business zone extends a distance of 1000 feet to the east. The property across the street is farm land and is used for the cultivation of shade-grown tobacco. Three hundred to four hundred transient workers are employed on this farm in the summer. Twenty of them and about forty others from other farms are housed in a camp on this farm. The neighborhood is sparsely settled. Spencer Street is a continuation of Silver Lane, a heavily traveled highway

in East Hartford. About 400 feet west of the plaintiff's premises, there are an automobile service station and a restaurant. Otherwise, the immediate area in East Hartford is residential and fairly thickly settled. To the west of the residences, there is a shopping center on Silver Lane near Forbes Street. In 1959, eleven hundred and forty-four persons over twenty-one years of age lived in East Hartford within a mile of the plaintiff's premises.

At the hearing before the commission, several residents of the neighborhood, two representatives of tobacco firms and three package store owners, all from East Hartford, opposed the plaintiff's application. One of the tobacco firms owns the farm land across the street, and the other leases it and operates the farm. Their opposition was based on the feeling that a package store in the area would be detrimental to the welfare of those employed on the farm. The package store owners did not favor business competition. Two of them have stores in the Burnside section of East Hartford, more than two miles away in a direct line and not readily accessible from the plaintiff's location. The third has a package store on Silver Lane about three miles west of the East Hartford town line. The residents were opposed generally to a liquor outlet in their neighborhood. No one from Manchester opposed the application. Two residents of the neighborhood favored it.

Section 30-46 (3) of the General Statutes gives the liquor control commission the authority to deny a permit if it has reasonable cause to believe "that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character

of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent in such town or neighborhood." At the time of the hearing in 1959, Manchester had a population of approximately 40,000, and there were eighty-eight liquor permits of all classes in town. Twelve were for clubs, four for druggists, twenty-one for package stores, seventeen for restaurants and eight for taverns. Twenty-six permits were grocery store beer permits. The nearest outlet in Manchester was a package store 1.8 miles distant. There are no churches, schools or charitable institutions in the neighborhood. The nearest church is almost a mile away. East Hartford had a population of 37,500 and forty-eight permits for off-premises consumption of liquor. Nine drugstores and nineteen package stores had permits, as well as twenty grocery stores for beer only.

General Statutes § 30-60 provides that on appeal the reasons of the commission for refusing an application may be received in evidence. The reason given by the commission in the present case appears in the notice of denial to the plaintiff and is that the permit would be detrimental to the public interest. Since the adoption of the Liquor Control Act in 1933, we have been called on to review the action of the commission in many appeals. Usually, the commission gives a specific reason why it concludes that the granting of a permit at a particular location would be detrimental to the public interest. For example, in *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 53 A.2d 655, involving a package store application, the commission stated its reasons to be

the number of like outlets in the neighborhood, the number of all outlets, and the population. A-231 Rec. & Briefs, back of pp. 46, 50. In *Divirgilio* v. *Liquor Control Commission,* 134 Conn. 143, 55 A.2d 865, there were seventeen liquor permits within a radius of 1060 feet from the premises, and nine of the permits were for restaurant liquor, the same class as the permit for which application was made. The reason given by the commission was the number of like outlets in the neighborhood. Id., 144. Likewise, in *Cusano* v. *Dunn,* 137 Conn. 20, 21, 74 A.2d 477, a package store permit was denied because of the number of like outlets in the vicinity. No such reason is advanced here, and none could be, since there are no liquor outlets of any kind, let alone package stores, within a radius of approximately two miles. The Manchester zoning ordinance permits this kind of enterprise at this location.

From a review of the evidence on which the commission acted, we are of the opinion that the commission reached a conclusion untenable in the light of logic and reason and by so doing arbitrarily abused its discretion. *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 553, 135 A.2d 595. The present case is clearly distinguishable from *Barnini* v. *Liquor Control Commission,* 146 Conn. 416, 151 A.2d 697, cited in the commission's brief. In that case, the action of the commission in denying a package store permit in Manchester was sustained. But a restaurant liquor permit for premises 600 feet away from the subject premises and a package store permit for premises 1900 feet distant had been granted following hearings on the same day as the hearing on the application in question. The zoning regulations in Manchester prohibited the use of premises for the sale of alcoholic liquor if they were

within 1000 feet, in a direct line, of any other premises so used. Id., 417.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion KING, C. J., SHEA and COMLEY, Js., concurred; ALCORN, J., concurred in the result.