[CONSTITUTIONAL LAW.]

## The UNITED STATES v. ORTEGA.

An indictment under the Crimes Act of 1790, c. 36. [IX.] s. 37. for infracting the law of nations by offering violence to the person of a foreign minister, is not a case " affecting ambassadors, other public ministers and consuls," within the 2d section of the 3d article of the constitution of the United States.

The Circuit Courts have jurisdiction of such an offence under the 11th section of the Judiciary Act of 1789, c. 20.

*Quære.* Whether the jurisdiction of the Supreme Court is not only original, but exclusive of the Circuit Court, in " cases affecting ambassadors, other public ministers and consuls," within the true construction of the 2d section of the 3d article of the constitution ?

1826.          Mr. Justice WASHINGTON delivered the opi-
          nion of the Court.

U. States

v.          The defendant, Juan Gualberto de Ortega,
'Ortega.          was indicted in the Circuit Court of the United

March 16th. States for the eastern District of Pennsylvania,
for infracting the law of nations, by offering vio-
lence to the person of Hilario de Rivas y Salmon,
the charge d'affaires of his Catholic Majesty the
King of Spain in the United States, contrary to
the law of nations, and to the act of the Con-
gress of the United States in such case provided.
The jury having found a verdict of guilty, the
defendant moved in arrest of judgment, and as-
signed for cause, " that the Circuit Court has not
jurisdiction of the matter charged in the indict-
ment, inasmuch as it is a case affecting an am-
bassador or other public minister." The opinions
of the Judges of that Court upon this point being
opposed, the cause comes before this Court upon
a certificate of such disagreement.

The questions to which the point certified by
the Court below gives rise, are, first, whether
this is a case affecting an ambassador or other
public minister, within the meaning of the second
section of the third article of the constitution of
the United States. If it be, then the next ques-
tion would be, whether the jurisdiction of the
Supreme Court in such cases, is not only original,
but exclusive of the Circuit Courts, under the
true construction of the above section and ar-
ticle.

The last question need not be decided in the
present case, because the Court is clearly of

opinion, that this is not a case affecting a public minister, within the plain meaning of the constitution. It is that of a public prosecution, instituted and conducted by and in the name of the United States, for the purpose of vindicating the law of nations, and that of the United States, offended, as the indictment charges, in the person of a public minister, by an assault committed on him by a private individual. It is a case, then, which affects the United States, and the individual whom they seek to punish; but one in which the minister himself, although he was the person injured by the assault, has no concern, either in the event of the prosecution, or in the costs attending it.

It is ordered to be certified to the Circuit Court for the eastern District of Pennsylvania, that that Court has jurisdiction of the matter charged in the indictment, the case not being one which affects an ambassador or other public minister.

*1826.*

*U. States*
*v.*
*Ortega.*

Certificate accordingly.[a]

*a* The constitution of the United States provides, (art. 3. sec. 2.) that " the judicial power shall extend to a cases in law and equity, arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; *to all cases affecting ambassadors, other public ministers, and consuls;* to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more States, between a State and citizens of another State, between citizens of different States, between citizens of the same State claiming lands under grants of different

States, and between a State, or the citizens thereof, and foreign states, citizens, or subjects." And that, " *in all cases affecting ambassadors, other public ministers,* and consuls, and those in which a State shall be party, the Supreme Court *shall have original jurisdiction.* In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations, as the Congress shall make."

The Crimes Act, of 1790, c. 36. [ix.] s. 25. enacts, " That if any writ or process shall at any time be sued forth or prosecuted by any person or persons in any of the Courts of the United States, or in any of the Courts of a particular State, or by any Judge or Justice therein respectively, whereby the person of any ambassador, or other public minister, of any foreign prince or state, authorized and received as such by the President of the United States, or any domestic or domestic servant of any such ambassador or other public minister, may be arrested or imprisoned, or his or their goods or chattels be distrained, seized, or attached, such writ or process shall be deemed and adjudged to be utterly null and void, to all intents and purposes whatsoever. (s. 26.) That in case any person or persons shall sue forth or prosecute any such writ or process, such person or persons, and all attorneys or solicitors, prosecuting or soliciting in such case, and all officers executing any such writ or process, being thereof convicted, shall be deemed violators of the law of nations, and disturbers of the public repose, and imprisoned not exceeding three years, and fined at the discretion of the Court." The same section also contains a proviso, excepting from the operation of the preceding sections, any citizen or inhabitant of the United States, who shall have contracted debts before entering into the service of such minister, and requiring the name of such servant to be previously registered in the office of the Secretary of State, &c. The 27th section provides, " That if any person shall violate any safe conduct or passport duly obtained, and issued under the authority of the United States, *or shall assault, strike, wound, imprison, or in any manner infract the law of nations, by offering violence to the person of an ambassador, or other public minister,* such person so offending, on conviction, shall be imprisoned not exceeding three years, and fined at the discretion of the Court."

The Judiciary Act of 1789, c. 20. s. 9. provides, " That the

District Courts shall have, exclusively of the Courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the high seas, where no other punishment than whipping not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted." " And shall also have jurisdiction, exclusively of the Courts of the several States, of all suits *against consuls or vice-consuls*, except for offences above the description aforesaid."

The same act (s. 11.) provides, that the Circuit Courts " shall have exclusive cognizance of *all crimes and offences cognizable under the authority of the United States*, except where this act otherwise provides, or the laws of the United States shall otherwise direct, and concurrent jurisdiction with the District Courts, of the crimes and offences cognizable therein." It also provides (s. 13.) that the Supreme Court " shall have, exclusively, all such jurisdiction of suits or proceedings *against* ambassadors, or other public ministers, or their domestics, or domestic servants, as a Court of law can have or exercise consistently with the law of nations; and original, but not exclusive jurisdiction, of all suits *brought by* ambassadors or other public ministers, or in which a consul, or vice-consul, shall be a party."

The question whether the jurisdiction of the Supreme Court in " all cases affecting ambassadors, other public ministers, and consuls," is *exclusive* as well as *original*, under the constitution, so as to preclude Congress from vesting in any other tribunal jurisdiction over such cases, has never been decided in terms by this Court. But, it was held, as early as the year 1793, in the Circuit Court for the District of Pennsylvania, by WILSON and PETERS, J. J. (IREDELL, J. dissenting,) that the jurisdiction in a criminal prosecution against a foreign consul, who was indicted for a misdemeanor at common law, was constitutionally vested in that Court, under the 11th section of the Judiciary Act of 1789, c. 20. (The United States v Ravara, 2 *Dall. Rep.* 297.) It has, however, been expressly determined by this Court, that the clause of the constitution giving the Supreme Court *appellate* jurisdiction in all other cases than those in which *original* jurisdiction is granted, does not exclude the Court from exercising appellate jurisdiction in cases " arising under the constitution, laws, and treaties of the

Union," and in " cases of admiralty and maritime jurisdiction,"
although an ambassador, other public minister, or consul, may be
a party.  If, for example, a foreign minister is sued in a State
Court by an individual, and that Court should take jurisdiction,
and give judgment against the minister, the Supreme Court of the
United States may revise the judgment under the appellate powers
given to it by the 25th section of the Judiciary Act of 1789, c.
20.  So, where the inferior Courts of the Union take cognizance,
as Courts of admiralty and maritime jurisdiction, of suits brought
by foreign consuls in maritime causes in which their fellow citi-
zens are interested, the appellate power of this Court has been
constantly exercised.  [See the judgment of this Court in the case
of Cohens v. Virginia, ante, vol. VI. pp. 396—401. in which the
previous case of Marbury v. Madison, (1 Cranch's Rep. 174 ) is
revised and explained.] But where the jurisdiction depends merely
upon the character of the consul, and not upon the nature of the
case, the question has never been determined by this Court, whe-
ther Congress could invest any other tribunal than the Supreme
Court, with original jurisdiction.

It has been decided by the Supreme Court of Pennsylvania,
that the State Courts have no jurisdiction of any suit brought
against a foreign consul or vice-consul.  (Mannhardt v. Soders-
trom, 1 Binn. Rep. 138.)   There seems to be no reason to doubt
the correctness of this adjudication, the constitution giving to the
national judiciary cognizance of ' all cases affecting consuls," and
Congress having, by the 9th section of the Judiciary Act of 1789,
c. 20., vested the District Courts of the Union with jurisdiction of
various matters both of a criminal and civil nature, in some of
which their jurisdiction is exclusive of the State Courts, and, in
others, concurrent with them; and towards the latter part of the
section, the District Courts being vested with jurisdiction " exclu-
sively of the Courts of the several States, of all suits against
consuls or vice-consuls, except for offences above the description
aforesaid."  The word suits includes those both of a civil and
criminal nature ; and the exception of " offences above the de-
scription aforesaid," refers to a description in the first part of the
section, viz. offences where no other punishment than whipping
not exceeding thirty stripes, a fine not exceeding one hundred dol-
lars, or a term of imprisonment not exceeding six months, is to be
inflicted.

The Circuit Courts of the Union have jurisdiction concurrently with the District Courts, of offences within that description, in cases affecting consuls; and the Circuit Courts have exclusive jurisdiction of offences above that description, in cases affecting consuls. It has also been determined by the Supreme Court of Pennsylvania, that this last jurisdiction of the Circuit Courts is not only exclusive of the District Courts, but of the State Courts. Upon this ground, an indictment for a criminal offence under the laws of Pennsylvania, against the Russian Consul General, was quashed for want of jurisdiction by that Court, in 1816. (Commonwealth v. Kosloff, 5 *Serg. & Rawle*, 545.) In delivering the judgment of the Court in that case, Mr. Chief Justice TILGHMAN also examined the question, as to the nature and extent of the privileges of consuls under the law of nations, and decided that the privilege of immunity from criminal prosecutions was not conferred on them by that law. It had been previously determined by the English Court of K. B., in 1814, that they were not privileged as public ministers from arrest in civil cases. (Vivian v. Beeker, 3 *Maul. & Selw.* 284.) And the authorities, cited from the text writers on the law of nations, in these two cases, show that consuls are in no respect privileged as public ministers.

It results from the above provisions of the constitution, the acts of Congress, and the judicial expositions which have been given to them,

1. That no civil suit or criminal prosecution can be commenced *against* a foreign ambassador, other public minister, or consul, in any State Court.

2. That such ambassador, public minister, or consul, may, at his election, commence a suit in a State Court, (in other respects of competent jurisdiction,) against an individual.

3. That an ambassador, or other public minister, cannot be proceeded against in any civil case, by compulsory process, in any Court whatever.

4. That a consul may be sued, or proceeded against, civilly or criminally, in the Courts of the Union, in the same manner as a private individual.

5. That in civil suits against a consul, and in criminal prosecutions against him, within the limits of the criminal jurisdiction of the District Courts, the District Courts have jurisdiction of such suits or prosecutions.

1826.

U. States
v.
Ortega.

6. That in criminal prosecutions against consuls, for offences above the description of those cognizable in the District Courts, the Circuit Courts have exclusive jurisdiction, and concurrent jurisdiction with the District Courts in the other cases cognizable therein.

7. That the Supreme Court has original and exclusive jurisdiction of such suits or prosecutions against ambassadors, and other public ministers, as any Court of justice can exercise consistently with the law of nations

8. That the Supreme Court has original, but not exclusive, jurisdiction of suits brought by ambassadors, or other public ministers, or in which a consul is a party.

9. That the Supreme Court has appellate jurisdiction of all cases, in which a minister or consul is a party, arising in the State Courts, and involving the construction of the national constitution, or the validity and construction of the laws and treaties of the Union, under the restrictions mentioned in the 25th section of the Judiciary Act of 1789, c. 20.

10. That the Supreme Court has appellate jurisdiction of all civil suits brought in the Courts of the Union, having original jurisdiction of the suit, where a minister or consul is a party, and the matter in dispute exceeds the sum of two thousand dollars.

In criminal cases arising in the Courts of the Union, no writ of error, or other appellate process, to remove the cause to the Supreme Court, has been provided by Congress; and the only mode in which such cases can be revised in this Court, is upon a certificate where the opinions of the Judges of the Circuit Court are opposed. (United States v. La Vengeance, 3 *Dall. Rep.* 297. United States v. More, 3 *Cranch's Rep.* 159. *Ex parte* Kearny, *ante*, Vol. VII. p. 42.) Consequently, a criminal case affecting a consul, can only be revised in this Court upon a division of opinions of the Judges of the Court below, certified under the 6th section of the Judiciary Act of the 29th of April, 1802, c. 291. [xxxi.]

The question as to what is the law by which cases affecting ambassadors, other public ministers, and consuls, are to be determined in the Courts of the Union, in the absence of any legislative provisions by Congress applicable to the particular case, would lead into too wide a field of discussion to be embraced by the present note. It is obvious, that the law of nations would, in some

instances, form the rule of decision; in others, such as civil causes arising out of contract, and questions of property, the laws of the several States would form the rule; but in what manner the jurisdiction of the national Courts is to be exercised in prosecutions against consuls for offences not declared penal by any act of Congress, is a subject on which a great contrariety of opinions has prevailed. In its more general application, this has been stated as a question, whether the United States, as a national government, have any common law, or, in other words, whether the Courts of the United States have any common law jurisdiction. In a late essay upon the nature and extent of the jurisdiction of the Courts of the United States, Mr. *Duponceau* has proposed a very elegant and ingenious solution of this problem, by assuming a distinction between the common law as a *source* of power, and as a *means* for its exercise. From the common law, considered in the first point of view, he contends, that in this country no jurisdiction can arise; while, in the second, every lawful jurisdiction may be exercised through its instrumentality, and by means of its proper application. He denies its *capacity to confer any powers* on the Courts of the Union which they do not possess by the written code of the national government; but, he insists, that as a *system of jurisprudence*, it is the national law of the Union, so far as it has not been altered by the constitution, or by acts of Congress. Thus, in the case of consuls, it is the constitution which gives the jurisdiction *in personam*, but it is the local law of the State, (whether common or statute,) which must furnish the rule of decision in the absence of any regulation by Congress applicable to cases affecting them. And, in this view, the learned author insists, that the 34th section of the Judiciary Act of 1789, c. 20., making the laws of the several States, except where the constitution, treaties, or statutes of the United States, otherwise provide, rules of decision in trials at common law in the Courts of the Union, in cases where they apply, includes both criminal and civil cases. But the question, for all practical purposes, is settled in this Court according to the authority of the case of the *United States* v. *Hudson and Goodwin*, (7 *Cranch's Rep.* 32.) in which it was determined, that the Courts of the Union cannot exercise a common law jurisdiction; although it is still considered as open for discussion, whenever a case shall arise rendering it necessary to reconsider that decision. (See the *United States* v. *Coolidge, ante.* Vol. I. p. 415.)

<div style="text-align:right">

1826.