HOLLIS ET AL. *v.* KUTZ ET AL., COMMISSIONERS OF THE DISTRICT OF COLUMBIA, CONSTITUT-ING THE PUBLIC UTILITIES COMMISSION OF THE DISTRICT OF COLUMBIA, ET AL.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 397. Argued March 2, 1921.—Decided March 21, 1921.

1. Under the act establishing the Public Utilities Commission of the District of Columbia, a person claiming that an order of the commission raising the rates of a gas company infringes his constitutional rights need not make complaint or appear before the commission before bringing suit to have the order declared void. P. 454.

2. An order of the commission, raising the rates chargeable by a gas company to private consumers in the District of Columbia without changing a lower and unremunerative rate fixed by act of Congress for gas furnished the Government and the District, *held* not to involve any unconstitutional discrimination against private consumers, or taking of their property without due process of law, since the United States may fix any rate, for itself and for the District, as a condition to the gas company's establishment in the District, and private consumers are not compelled to purchase gas. P. 454.

49 App. D. C. 301; 265 Fed. Rep. 451, affirmed.

APPEAL from a decree of the Court of Appeals of the District of Columbia, which affirmed a decree of the Supreme Court of the District dismissing a bill brought by the present appellants for the purpose of setting aside as unconstitutional certain orders of the Public Utilities Commission permitting the appellee gas company to increase its rates to private consumers while leaving them unchanged as to the Government and the District.

*Mr. Roscoe F. Walter* for appellants.

*Mr. F. H. Stephens,* with whom *Mr. Conrad H. Syme* was on the brief, for Public Utilities Commission.

*Mr. Benjamin S. Minor,* with whom *Mr. H. Prescott Gatley* and *Mr. Hugh B. Rowland* were on the brief, for Washington Gas Light Company, appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by private consumers of gas to have two orders of the Public Utilities Commission that increase the rate for gas to private consumers declared void. The first order, Number 254, March 15, 1918, raised the rate from 75 cents per thousand feet to 90 cents. The second, No. 314, March 15, 1919, raised it to not exceeding 95 cents; the orders being made under the authority of the Act of March 4, 1913, c. 150, § 8, 37 Stat. 938, 974, *et seq.,* establishing the Public Utilities Commission of the District of Columbia and fixing its powers. The bill and the appeal to this Court are said to be based upon Par. 64, of § 8, 37 Stat. 988. It is alleged that the orders violate the plaintiffs' constitutional rights because the rate to be charged to the United States and to the District remains the statutory rate of 70 cents, and to certain other takers still less, and that if the United States and District had paid 90 cents for the year 1918 the Gas Company would have received a return of about six per cent. It is said that the difference is an unlawful discrimination and that the plaintiffs are required to make up the loss incurred by furnishing the gas to the Government and the District at less than cost. The bill was dismissed by the Supreme Court for want of equity and because not filed within one hundred and twenty days after the entry of the order of March 15, 1918, as required by § 8, Par. 65. The Court of Appeals affirmed the decree on the different ground that

a formal complaint and hearing before the Commission were a condition of the right to sue in the courts. The provision in Par. 67 for the transmission of any new evidence taken in the suit to the Commission for its further consideration, and other details, were thought to indicate that the suit was in the nature of an appeal.

We are unable to agree with the opinion of the Court of Appeals. Assuming that the bill is based upon the statute the language of Par. 64 is that any person interested and dissatisfied with any order fixing any rate may commence a proceeding in equity. We do not perceive any advantage in requiring a party to file a complaint asking the Commission to review a decision just reached by it after a public hearing, nor do we see such a requirement in the statute. On the other hand we see no requirement that the plaintiffs in equity should have appeared in the original hearing upon the rate. They are parties to the order equally whether they saw fit to argue the case to the Commission or not, and when they stand upon supposed constitutional rights there seems to be no necessity of raising the point until they get into Court. This suit is not for a revision of details but for a decree that the orders are void as matter of law. That by reason of their pecuniary interest the plaintiffs are persons interested within the statute, may be assumed for the purposes of decision. *Interstate Commerce Commission* v. *Diffenbaugh*, 222 U. S. 42, 49. S. C. *Peavey & Co.* v. *Union Pacific R. R. Co.*, 176 Fed. Rep. 409, 416, 417. See *Detroit & Mackinac Ry. Co.* v. *Michigan R. R. Commission*, 235 U. S. 402.

On the merits however there is no doubt that the decree was right. We do not wish to belittle the claim of a taker of what for the time has become pretty nearly a necessity to equal treatment while gas is furnished to the public. But the notion that the Government cannot make it a condition of allowing the establishment of gas works that its needs and the needs of its instrument the District shall be

satisfied at any price that it may fix strikes us as needing no answer. The plaintiffs are under no legal obligation to take gas nor is the Government bound to allow it to be furnished. If they choose to take it the plaintiffs must submit to such enhancement of price, if any, as is assignable to the Government's demands. We do not consider whether the Commission has power to raise the price to the excepted class because, even if it has, the plaintiffs have no right to require equality with the Government and they have no other ground upon which to found their supposed right.

*Decree affirmed.*