RADIO SERVICE CORPORATION v. FEDERAL COMMUNICATIONS COMMISSION (SYMONS BROADCASTING CO., Intervener).

No. 6216.

United States Court of Appeals for the District of Columbia.

Argued April 2, 1935.

Decided May 6, 1935.

Petition for Rehearing Denied May 20, 1935.

Horace L. Lohnes and H. L. McCormick, both of Washington, D. C., for appellant.

Paul D. P. Spearman, George B. Porter, and Fanney Neyman, all of Washington, D. C., for appellee.

Noel S. Symons, of Buffalo, N. Y., for intervener.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal by Radio Service Corporation (station KSEI), located at Pocatello, Idaho, from a decision of the Federal Communications Commission entered March 23, 1934. The Symons Broadcasting Company (station KFPY), located at Spokane, Wash., has intervened in support of the Commission's order.

The controversy was heard by the Commission in accordance with the decision of this court in Symons Broadcasting Company v. Federal Radio Commission (Radio Service Corporation, Intervener), 62 App. D. C. 46, 64 F.(2d) 381.

The sole question in the case is whether the frequency of 890 kcs. shall be awarded to station KSEI or to station KFPY.

It appears that prior to May, 1932, the frequency of 890 kcs. was designated by international agreement as a Canadian-shared frequency. It was used by station CFQC at Saskatoon, and was not available for use either in the state of Washington or the state of Idaho. But in May, 1932, by international agreement this frequency became available for use by broadcasting stations both in Washington and Idaho.

At the time of this release station KSEI was operating upon a frequency of 900 kcs. and station KFPY was operating upon 1340 kcs. Both applied for the new frequency of 890 kcs. then available. Hearings upon these competing applications were conducted by an examiner, it being conceded that it was not feasible for both stations to operate upon the frequency in question, and in September, 1933, after hearing the testimony, the examiner recommended that the frequency be granted to station KFPY. Exceptions were reserved by station KSEI, and oral arguments were heard thereon by the Commission. In April, 1934, the Commission decided that public interest, convenience, and necessity would best be served by granting the application of station KFPY, and denying the application of station KSEI, as recommended by the examiner. The present appeal was then taken by station KSEI.

The jurisdiction of this court over such an appeal is restricted by the following

208

provision of section 402, Communications Act of 1934, 48 Stat. 1064 (47 USCA § 402 (e):

"§ 402 (e) * * * Provided, however, That the review by the 'court shall be limited to questions of law and that findings of fact by the Commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the Commission are arbitrary or capricious. * * *"

■ Upon a consideration of the record, we find no reason for ·disturbing the decision of the Commission.

It appears that station KSEI has been operating successfully upon a frequency of 900 kcs. It serves approximately 75,-000 people within a radius of 50 miles from its station. The city of Pocatello is an important trade and manufacturing center for southern Idaho and western Wyoming. The station has regularly and continuously operated eighteen hours a day and its facilities have been available to charitable, civic, educational, and religious organizations without charge. Its agriculture reports have been regular features of its programs. The history of the station is commendable.

We are convinced, however, that the service rendered to the public by station KSEI would not be substantially increased by a change of its frequency from 900 to 890 kcs. It appears that the coverage would not be greatly increased, and it will serve as large an audience upon the one frequency as upon the other. It is claimed by station KSEI that if it broadcasts on 900 kcs., its service area will be restricted by interference with station KHJ in Los Angeles, which also operates upon 900 kcs. with power of 1,000 watts. The record, however, contains substantial testimony contradicting this claim.

On the other hand, a change of frequency from 1,340 kcs. to 890 kcs. for station KFPY would be of great public benefit in that it would enable the station to reach a much larger population, nor would there be any interference between the two competing stations because of the operation of one upon 890 kcs. and the other upon 900 kcs. Therefore such a change in frequency would be of great benefit to the station and would enable it to render a much greater public service than before. This improvement moreover would not be at the expense of any other broadcasting station.

■ It appears that the state of Washington and the state of Idaho are both over-quota states, and it is claimed that the granting of the frequency 890 kcs. to station KFPY would be a violation of the Davis Amendment, Act March 28, 1928, 45 Stat. 373, c. 263, § 5; section 307 (b), Communications Act of 1934 (48 Stat. 1083, 1084, 47 USCA § 307 (b). The only ground for this contention is that the coverage of station KFPY would be increased by the change of frequency. Such a change, however, does not bring the case within the purview of the Davis Amendment. Rules and Regulations, Federal Radio Commission, § 109 et seq. The quota of the state of Washington would not be increased by the change, within the purview of the applicable statutes or regulations.

The questions arising upon the comparison between the two competing stations are almost exclusively questions of fact, and a review of the record leads us to say that the decision of the Commission thereon is supported by substantial evidence and is not arbitrary or capricious. It is therefore affirmed.