Leonard N. BEBCHICK and Leonard S. Goodman, Appellants,

v.

PUBLIC UTILITIES COMMISSION OF DISTRICT OF COLUMBIA and D. C. Transit System, Inc., Appellees.

No. 15999.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 30, 1960.

Decided Jan. 12, 1961.

Messrs. Leonard N. Bebchick and Leonard S. Goodman, appellants pro se.

Mr. George F. Donnella, Counsel, Public Utilities Commission of the District of Columbia, with whom Messrs. Chester H. Gray, General Counsel, Public Utilities Commission of the District of Columbia, and Andrew G. Conlyn, Counsel, Public Utilities Commission of the District of Columbia, were on the brief, for appellee Public Utilities Commission of the District of Columbia.

Mr. Owen J. Malone, Washington, D. C., for appellee D. C. Transit System, Inc. Mr. Harvey M. Spear, New York City, also entered an appearance for appellee D. C. Transit System, Inc.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This case involves an appeal from a decision of the Public Utilities Commission of the District of Columbia, relative to rates of bus and streetcar fares charged by appellee D. C. Transit System, Inc. Section 43–705 of the D.C.Code provides that "Any * * * person * * * affected by any final order or decision of the Commission, other than an order fixing or determining the value of the property of a public utility in a proceeding solely for that purpose, may" appeal to the District Court and from that court to this. See Pollak v. Public Utilities Commission, 1951, 89 U.S.App.D.C. 94, 191 F.2d 450.[1] Appellants' petition of appeal, filed pursuant to this section, was dismissed by the District Court on the ground "that the record certified to the Court contains no evidence to support the plaintiffs' allegation that they are riders of Transit vehicles or are persons affected by the Order of the Commission appealed from [and] that, accordingly, within the purview of the statute governing review of orders of the Commission, the plaintiffs are without standing to bring this appeal. * * *" The present appeal followed.

Appellants contend that the record certified to the court demonstrates, at a minimum, that appellant Goodman is a "transit rider," i. e., a user of Transit System vehicles; that from an affidavit properly before the court, although not a part of the certified record, it should have concluded that appellant Bebchick is also a "transit rider"; and that as such, both are "persons * * * affected" within the meaning of the statute.

■ Appellant Goodman filed a petition to intervene in the proceedings before the Commission in which he made the sworn statement that he is a regular commuter on Transit System vehicles. In its order granting intervention the Commission expressly relied upon this allegation. We believe that upon this evidence, which was a part of the record certified by the Commission, the District Court should have found that appellant Goodman is a transit rider.

■ Although appellant Bebchick did not file a petition to intervene, he did join in the petition for reconsideration and alleged therein that he is a transit rider. Moreover, appellant Bebchick subsequently filed with the District Court an affidavit in which he stated that he is "an occasional and casual customer and rider of the buses and streetcars of D. C. Transit System, Inc." We are of the opinion that this affidavit, although dehors the certified record, was proper for consideration below,[2] the question being one of standing to bring the appeal, and that on the basis of all the evidence properly before it the trial court should have found that appellant Bebchick is also a transit rider.

■ On the facts here, we believe that appellants, as transit riders, qualify as persons entitled to appeal. In United States v. Public Utilities Commission, 1945, 80 U.S.App.D.C. 227, 231, 151 F. 2d 609, 613, we held that the language of Section 43–705 of the D.C.Code and its companion sections manifests "an intention that consumers [of electric power] shall have a right to challenge the Commission's actions." This right accrues with equal force to users of transit facilities. Pollak v. Public Utilities Commission, supra. The order appealed from raises the cash fare for a single trip from 20 cents to 25 cents, but does not increase the token fare of 5 for $1.00, or 20 cents each.[3] Appellees argue that transit riders are not affected by the change in cash fare since they can con-

1. Reversed on other grounds, 1952, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068.

2. See Seatrain Lines, Inc. v. United States, D.C.Del.1957, 152 F.Supp. 619, 622–623. This point is conceded by ap-

pellee Transit System, although not by appellee Commission.

3. Single tokens, however, are not offered: a lot of 5 is the smallest unit sold.

tinue to travel at the old rates if they use tokens. The vice of this argument is that it proves too much, since presumably it would bar appeal from an order raising cash fares to 40 cents or 50 cents or even a dollar, so long as token fares were not increased. Manifestly appellees expect the new fare schedule to affect Transit's revenues in a favorable and meaningful way, or they would not have provided for it. It must therefore affect transit riders, from whose pockets the additional revenues are expected to come.

We hold that the complaint ought not have been dismissed for lack of standing, and order the case remanded to the District Court for further proceedings.

Reversed and remanded.